UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AARON P.,[1] | ) |
| Plaintiff, | ) No. 22-cv-6254 |
| v. | ) Magistrate Judge Keri L. Holleb Hotaling |
| MARTIN J. O'MALLEY, Commissioner of the Social Security Administration,[2] | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Aaron P. appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for disability insurance benefits. The parties have filed cross motions for summary judgment.[3] For the reasons detailed below, the Court grants Plaintiff's motion for summary judgment [Dkt. 14], denies the Commissioner's motion for summary judgment [Dkt. 17], and remands this matter for further proceedings consistent with this Memorandum Opinion and Order.

**SOCIAL SECURITY REGULATIONS AND STANDARD OF REVIEW**

In disability insurance benefits cases, a court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018); *Hess v. O'Malley*, 92 F.4th 671, 676 (7th Cir. 2024); *see also* 42 U.S.C. § 405(g). "This is not a high threshold; it requires only such relevant evidence as a reasonable mind might accept as adequate to support a

---

[1] In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by his first name and the first initial of his last name(s).

[2] On December 23, 2023, Martin J. O'Malley was sworn in as Commissioner of the Social Security Administration; pursuant to Federal Rule of Civil Procedure 25(d)(1), he is substituted as the proper defendant for this action.

[3] The Court construes "Plaintiff's Brief in Support of his Motion for Summary Judgment" [Dkt. 14] as a motion for summary judgment.

conclusion." *Deborah M. v. Saul*, 994 F.3d 785, 788 (7th Cir. 2021) (cleaned up) (citing *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019)). While reviewing a commissioner's decision, the Court may not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [our] judgment for that of the Commissioner." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (citation omitted). Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and their conclusion, which is satisfied by an "adequate[] discuss[ion of] the issues and evidence involved in the claim." *Hess*, 92 F.4th at 676; *Dunn v. Saul*, 794 F. App'x 519, 522 (7th Cir. 2019).

## BACKGROUND

### A.     Procedural History

At some point in 2019, Plaintiff filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). [*See* Administrative Record ("R.") 113.] On April 28, 2021, an Administrative Law Judge ("ALJ") denied Plaintiff's 2019 applications for disability benefits. [R. 113-29.] That denial was affirmed by the Appeals Council on July 12, 2021. [R. 136-40.] It does not appear Plaintiff pursued federal court action related to the denials of his 2019 applications for disability.[4]

In September 2021, Plaintiff filed new applications for DIB and SSI. [*See* R. 296-310; 316-26.] Plaintiff alleges disability beginning August 20, 2021.[5] [R. 327-28 (form amending onset date).] Plaintiff's applications were denied initially and upon reconsideration. [R. 18.] Plaintiff appealed the denial and appeared telephonically at a July 14, 2022 Administrative Hearing before

---

[4]     The parties are silent about this earlier denial of disability benefits, as is the ALJ's decision at issue.

[5]     The ALJ's decision lists different application dates and a different alleged onset date from what is reflected in the Administrative Record. [R. 18.] The Court has used the dates reflected in the Record. No party has raised this as an issue with the ALJ's decision and, to the extent it was one, that issue has been waived. *Jeske v. Saul*, 955 F.3d 583, 597 (7th Cir. 2020) (arguments not raised in district court are waived); *Brown v. Colvin*, 845 F.3d 247, 254 (7th Cir. 2016) (arguments not raised in party's opening brief are waived). The Court does not believe this is an outcome determinative issue.

Administrative Law Judge ("ALJ") Gregory Smith. [R. 82-109.] On August 9, 2022, ALJ Smith issued a decision denying Plaintiff disability benefits. [R. 18-30.] Plaintiff requested and was denied Appeals Council review [R. 1-6], rendering the Decision of the Appeals Council the final decision of the Commissioner, reviewable by the District Court under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981; *Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

**B.     The ALJ's Decision**

The ALJ's August 9, 2022 decision followed the familiar five-step sequential process for determining disability. [R. 18-30.] At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. [R. 20.] At Step 2, the ALJ found Plaintiff had the severe impairments of degenerative disc disease of the lumbar and cervical spine; peripheral neuropathy; and scrotal varices and left epididymal cyst status post removal. *Id*. The ALJ determined Plaintiff's obesity was non-severe and that his "mental limitations have not met the durational requirements." [R. 21.] Additionally, the ALJ noted that "[t]he available evidence supports a finding that any other condition not specifically mentioned in this decision, but which may be mentioned in the record, is not considered severe." [R. 22.] At Step 3, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, App'x 1. [R. 22-23.] Before Step 4, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with the following limitations: "frequently climb ramps and stairs; never climb ladders, ropes, or scaffolds; frequently stoop and crouch; no work at unprotected heights; and occasional work with moving mechanical parts. [R. 23.] The ALJ also limited Plaintiff to work that "include[s] the need to use a cane for walking and balance." *Id*. At Step 4, the ALJ found Plaintiff unable to perform any of his past relevant work. [R. 28.] At Step 5, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff would be able to perform. [R. 29-30.] Accordingly, the ALJ

found Plaintiff not disabled under the Act at any time from his alleged onset date through the date of the ALJ's decision. [R. 30.]

## DISCUSSION

Plaintiff contends the ALJ's August 9, 2022 decision requires remand because, among other things, the ALJ failed to account for Plaintiff's physical limitations in stooping or address the conflict in the evidence concerning the same. [Dkt. 14.] The Court agrees and remands on this basis.

After a review of the opinions and evidence in this case, the ALJ crafted an RFC limiting Plaintiff to jobs requiring no more than frequent stooping. [R. 23.] ("Frequent" means occurring from one-third to two-thirds of the time, and "occasional" means occurring from very little up to one-third of the time. SSR 96-9p.) The ALJ explained the factors that went into this limitation, including, *inter alia*, examining physician Dr. Christen Tibbs, M.D.'s findings of normal hip range of motion (save for 70 degrees of flexion), and Dr. Tibbs's later findings of reduced low-back range of motion, including 45 degrees of flexion.[6] [R. 26 (citing R. 669-71.] The ALJ characterized this degree of lumbar flexion as "mildly restricted." [R. 26.] On the other hand, Dr. John Peterson, M.D. and Dr. Jennifer Western, M.D., the prior administrative reviewing physicians each found (in February 2022 and March 2022, respectively) Plaintiff capable of frequent stooping and they so opined even after considering Dr. Tibbs's examination findings including the 45 degrees of low-back flexion.[7] [R. 146-47, 168-69.] The ALJ's ultimate assessment mirrors the prior administrative medical findings of Drs. Peterson and Western, despite the ALJ not specifying his reliance on them.

---

[6] Dr. Tibbs noted two lumbar flexion measurements: 45 out of 60 degrees and 45 out of 90 degrees. [R. 671.] The first measurement reflected "true flexion without element of hip flexion as measured by [an] inclinometer" and the second measurement "includes some element of hip flexion as measured visually or by goniometer." [*See* R. 439.] Thus, the true flexion was 45 out of 60 degrees. Although the Court cannot say which of Plaintiff's various impairments, singly or in combination, resulted in only 45 degrees of flexion in Plaintiff's low back, the cause itself is immaterial in light of Dr. Tibbs's findings.

[7] However, Drs. Peterson and Western did not explicitly rely on Dr. Tibbs's examination findings, nor did they provide any basis for concluding that Plaintiff could frequently stoop.

Finally, although the ALJ noted Plaintiff did not complain to his physicians of trouble stooping during any of his four in-person visits between September 2020 and January 2022, the ALJ overlooked that Plaintiff in September 2020 stated that his back pain was worse when bending from the waist. [R. 25, 634.]

Plaintiff argues that 45 degrees of lumbar flexion is simply "inconsistent with the ability to stoop" and, thus, it was an error for the ALJ to have determined Plaintiff could stoop no more than frequently. [Dkt. 14, p. 6.] In this case, the ALJ does not cite to any evidence in the record demonstrating Plaintiff could engage in no more than frequent flexion of his back, and no doctor has stated this opinion. The ALJ erred in this respect. *See*, *e.g.*, *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003) (ALJ erred in finding claimant could occasionally stoop without addressing doctor's report that claimant had only forty degrees of flexion in lower back); *Thomas v. Colvin*, 534 F. App'x. 546, 551 (7th Cir. 2013) (remanding where ALJ found claimant could occasionally stoop, despite a doctor's report finding claimant had only fifty degrees of flexion in lower back). After all, "as [Seventh Circuit] caselaw shows, if a claimant is limited to a certain degree of motion, the ALJ does not appropriately accommodate the claimant by providing durational limitations." *Stroud v. Berryhill*, No. 2:17-cv-00067, 2018 WL 4501674, at *4 (N.D. Ind. Sept. 19, 2018) (citing *Golembiewski* and *Thomas*). The ALJ tried to do so here, which was an error.

Importantly, the ALJ gave no explanation as to how he decided the frequency of stooping within the RFC in light of evidence that Plaintiff only had 45 degrees of flexion in his back. The ALJ's failure to resolve the inconsistency between the finding that Plaintiff was limited to 45degrees of flexion in the lumbar spine and the conclusion he could stoop frequently requires remand. This is not a harmless error, as the Seventh Circuit has illustrated that a different result may very well occur upon remand. *See*, *e.g.*, *Golembiewski*, 322 F.3d at 917; *Thomas*, 534 F. App'x. at 551.

This is particularly true with respect to the potential erosion of the occupational base of

5

sedentary work that significant limitations on stooping might have. At first blush, this argument seems to be inconsequential because even if the ALJ had found Plaintiff capable of only occasional stooping or crouching (or indeed, even no stooping or crouching) such a finding has no apparent effect on the occupational base because the jobs cited by the vocational expert do not require *any* stooping or crouching. In fact, the 1977 Dictionary of Occupational Titles (the "DOT") confirms that in each of the three occupations the ALJ found Plaintiff could do, stooping and crouching are "not present."[8] However, the DOT is widely recognized as being arguably outdated. *See*, *e.g.*, *Chavez v. Berryhill*, 895 F.3d 962, 965 (7th Cir. 2018) (collecting cases); *Daniel L. v. Kijakazi*, No. 22-cv-6976, 2023 WL 5830807, at *11 (N.D. Ill. Sept. 8, 2023) (collecting N.D. Ill. cases discussing particularly glaring examples of how the DOT is outdated).[9] Moreover, and specifically applicable here, a later-drafted 1996 Social Security Ruling specifically clarifies that

> "[a]n ability to stoop occasionally; *i.e.*, from very little up to one-third of the time, is required in most unskilled sedentary occupations. A complete inability to stoop would significantly erode the unskilled sedentary occupational base and a finding that the individual is disabled would usually apply…"

SSR 96-9p. The Social Security Administration published this ruling (nearly 20 years after DOT was last updated) to clarify its policies, presumably with the knowledge that the Dictionary of Occupational Titles contains job titles which do not identify stooping as a requirement. In light of SSR 96-9p's acknowledgement that many sedentary jobs require stooping, the Court cannot conclude that the ALJ's failure to address evidence Plaintiff only had 45 degrees of flexion in his back was harmless error.

In sum, the ALJ's failure to resolve the conflict between his stooping conclusion and the

---

[8] *See generally* U.S. Dep't of Labor, Employment & Training Admin., *Dictionary of Occupational Titles*, Contents (4th ed. 1991), 1991 WL 645958; *see also* DOT No. 669.687-014, DOT No. 559.687-014, and DOT No. 732.684-062.

[9] Despite how outdated it is, "[n]evertheless, the Social Security Administration continues to treat the DOT as the primary source of job data and takes administrative notice of its contents." *Purdy v. Berryhill*, 887 F.3d 7, 17 n. 10 (1st Cir. 2018) (internal citations and internal quotation marks omitted).

medical evidence leaves a void where the "logical bridge" between the evidence and his conclusion should be. *Hess*, 92 F.4th at 676; *Dunn*, 794 F. App'x at 522. Therefore, the Court cannot let the ALJ's decision stand and must remand on this basis.

## CONCLUSION

Based on the foregoing, the Court must reverse and remand for proceedings consistent with this Memorandum Opinion and Order. At this time, the Court offers no opinion as to the other alleged bases of error in the ALJ's decision as raised by Plaintiff. The Court grants Plaintiff's motion for summary judgment [Dkt. 14] and denies the Commissioner's motion for summary judgment [Dkt. 17].

ENTERED: April 11, 2024

Hon. Keri L. Holleb Hotaling,
United States Magistrate Judge